UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-CV-00633-FDW-DCK

| | |
|---|---|
| ALLIANCE FUNDING GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MCLEANICS TECHNOLOGY ) | |
| CORPORATION and ) | |
| JAMES MCLEAN, JR., ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court *sua sponte* following the filing of Plaintiff's Motion for Default Judgment as to Defendant McLeanics Technology Corporation ("**McLeanics**"), (Doc. No. 8), filed on March 3, 2023, and its Motion for Entry of Default against Defendant McLeanics Technology Corporation, (Doc. No. 11), filed on March 17, 2023. Also on March 17, 2023, Defendant James McLean, Jr., who is appearing *pro se*, filed a Response to Plaintiff's Motion for Default Judgment, which he signed on behalf of himself and McLeanics. (Doc. No. 10). For the following reasons, Plaintiff's Motions for Default Judgment and Entry of Default are **DENIED**.

I. **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

At the outset, the Court notes that Plaintiff's Motion for Default Judgment as to Defendant McLeanics appears to conflate the entry of default pursuant to Rule 55(a) with the entry of a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. (Docs. Nos. 8, 9). However, "to obtain a default judgment [pursuant to Rule 55(b)], a party must first

1

seek an entry of default under Federal Rule of Civil Procedure 55(a)." Am. Auto. Ass'n v. J & T Body Shop, Inc., No. 3:10-cv-189-RJC-DCK, 2011 WL 5169399, at *1 (W.D.N.C. Oct. 31, 2011) (quoting Cameron v. MTD Prods., Inc., No. 5:03-cv-75, 2004 WL 3256003, at *2 (N.D.W.Va. Jan. 7, 2004); accord Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, WL 1720681, at *5 (E.D.Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment.") Thus, Rule 55 establishes a two-step process. Rule 55(a) provides that a clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Once the clerk enters default, the party may then seek a default judgment pursuant to Rule 55(b). FED. R. CIV. P. 55(b). Entry of a default judgment under Rule 55(b) is appropriate "when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Here, Plaintiff's Motion for Default Judgment preceded its Motion for Entry of Default, and Plaintiff has not yet obtained an entry of default as to Defendant McLeanics. Accordingly, Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**, to be refiled at the appropriate time. Thus, the Court next turns to Plaintiff's Motion for Entry of Default against Defendant McLeanics.

## II. PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Plaintiff moves this Court to enter default against Defendant McLeanics pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, because more than twenty-one days have passed since McLeanics was served, yet McLeanics has failed to plead, answer, or otherwise defend against the allegations in Plaintiff's Complaint as required by Rule 12 of the Federal Rules.

(Doc. No. 11). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court notifies Defendants that McLeanics has the right to respond to Plaintiff's Motion for Entry of Default.[1] The Court also advises Defendants that failure to respond may result in the entry of default against Defendant McLeanics. Thus, pursuant to the principles set forth in Roseboro v. Garrison, the Court advises Defendant McLean, who is proceeding *pro se* in his individual capacity and wishes to do so on behalf of McLeanics, a corporate Defendant, of the burden he carries with regard to Defendant McLeanics' right to respond to Plaintiff's Motion for Entry of Default.

"It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) (citing Osborn v. President of Bank of United States, 9 Wheat. 78 (1824)) (other citations omitted). Thus, 28 U.S.C. § 1654, which establishes that "'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. at 202 (collecting cases). Therefore, because McLeanics is in fact a corporate Defendant, it is not permitted to proceed in this action without counsel.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions for entry of default or default judgment. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions for entry of default or default judgment, and the Court does so here.

In his Response, Defendant McLean cites a line of North Carolina state court cases noting exceptions to the requirement that a corporate defendant must be represented by counsel. (Doc. No. 10, p. 2). However, these cases are inapposite here, because "[w]hether a corporate party may proceed *pro se* is a procedural inquiry governed by federal law and the rules of the court." Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (citing Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887, 1998 WL 112719 (4th Cir. 1998) (Table) (affirming the lower court's dismissal of an unrepresented corporate defendant in a diversity action based upon local federal court rule). Therefore, as a corporate Defendant, McLeanics may not proceed in this action without counsel.

Further, Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). A corporate defendant's failure to comply with a court order to obtain counsel constitutes a failure to "otherwise defend" under Rule 55. Inspirational Network, Inc. v. TMH Telemedia Services Ltd., No. 3:10-cv-110-RJC-DSC, 2011 WL 5402669, at *1 (W.D.N.C. Nov. 8, 2011); see also Eagle Assocs. V. Bank of Montreal, 926 F.3d 1305, 1310 (2d Cir. 1991). Thus, after warning of the consequences of failing to retain counsel and permitting a reasonable time to do so, a court may enter default, and subsequently default judgment, against the noncomplying, unrepresented corporate defendant. See id. (affirming default judgment against the corporate defendant that "willfully disregarded" the court's order to obtain counsel).

Accordingly, Defendant McLeanics Technology Corporation, as a corporate Defendant, cannot proceed without counsel. The Court acknowledges Defendant McLeanics' Answer to Plaintiff's Complaint was due on January 4, 2023, and that Defendant McLean filed an Answer for

4

both himself and Defendant McLeanics on January 5, 2023. (See Doc. No. 5). Therefore, the Court will **STRIKE IN PART** the Answer, (Doc. No. 5), to the extent that it seeks to respond on behalf of the corporate Defendant McLeanics. However, in light of the principles set forth in Roseboro and Defendant James McLean's *pro se* status, the Court directs that Defendant McLeanics retain counsel within thirty (30) days of the date of this Order,[2] and that counsel shall file an Answer in this case no later than **April 27, 2023**. The Court further warns Defendants that failure to do so will result in entry of default against Defendant McLeanics.

Because the Court is providing Defendant McLeanics with additional time in which to file its Answer to Plaintiff's Complaint, Plaintiff's Motion for Entry of Default, (Doc. No. 11), is **DENIED WITHOUT PREJUDICE**. The Court will entertain a renewed Motion for Entry of Default by Plaintiff timely filed at a later date, if necessary, following the expiration of Defendant McLeanics' deadline to file its Answer.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Default Judgment as to Defendant McLeanics Technology Corporation, (Doc. No. 8), is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Motion for Entry of Default, (Doc. No. 11), is **DENIED WITHOUT PREJUDICE**;

3. Defendant's *pro se* Answer, (Doc. No. 5), is **STRICKEN IN PART** to the extent it attempts to respond on behalf of Defendant McLeanics Technology Corporation;

4. The corporate Defendant McLeanics shall have thirty (30) days from the date of this Order to retain counsel, and counsel shall file an Answer in this case on behalf of Defendant McLeanics Technology Corporation **on or before April 27, 2023**. The Court warns Defendants that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or Orders of this Court may result in the entry of default against it.

---

[2] The Court notes that although Defendant McLeanics must retain counsel in this matter, Defendant James McLean, Jr., may proceed either *pro se* or with counsel.

**IT IS SO ORDERED.**

Frank D. Whitney
United States District Judge

Signed: March 27, 2023

6

Case 3:22-cv-00633-FDW-DCK   Document 13   Filed 03/27/23   Page 6 of 6