UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00633-FDW-DCK

| | |
|---|---|
| ALLIANCE FUNDING GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MCLEANICS TECHNOLOGY ) | |
| CORPORATION and ) | |
| JAMES MCLEAN, JR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Renewed Motion for Entry of Default Judgment, (Doc. No. 19), against Defendant McLeanics Technology Corporation ("McLeanics"). For the reasons set forth below, the Court hereby **GRANTS in part** Plaintiff's Motion for Default Judgment as to the default judgment amount but **DENIES in part** Plaintiff's Motion for Default Judgment as to the attorney's fees requested.

On November 22, 2022, Plaintiff filed suit against one corporation and one individual guarantor ("McLean") alleging default on two loans totaling $141,360. (Doc. 1, p. 2–5). As to Defendant McLeanics, the summons and complaint were initially served on December 16, 2022. (Doc. No. 3). On January 5, 2023, Defendant McLean filed a response purportedly on behalf of himself and Defendant McLeanics. However, in this Court's order entered on March 27, 2023, the Court notified and warned Defendant McLean that Defendant McLeanics is a corporation who is required to proceed with counsel. (Doc. No. 13, p. 4–5). Accordingly, the Court struck the Answer to the extent it sought to respond on behalf of Defendant McLeanics. (Doc. No. 13, p. 5).

1

Furthermore, the Court informed Defendant McLean that failure to obtain counsel to file an Answer for Defendant McLeanics "will result in entry of default." (Id.).

At this time, the deadline provided by the Court for Defendant McLeanics to file an Answer has passed and no response has been filed in this matter. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and personal jurisdiction over Defendant McLeanics as the corporation has its principal place of business in Charlotte, North Carolina. (Doc. No. 1, p. 2). Pursuant to Fed. R. Civ. P. 55(a), the Clerk entered default as to Defendant McLeanics on July 7, 2023. (Doc. No. 17). Plaintiff now requests default judgement on its claims, plus an award of attorney's fees.

Federal Rule of Civil Procedure 55 governs the award of default judgment. In relevant part, it provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general mater, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If a court finds that liability is established, it must then determine damages. E.E.O.C. v. Carter Behav. Health Servs., Inc., 2011 WL 5325485, at *4 (E.D.N.C. Oct 7, 2015) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an

evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. N. Am. Land Corp., 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

Plaintiff seeks a default judgement in the amount of $122,269.25 for the unpaid principal on the loans including interest and reasonable attorney's fees of $9,634, for a total judgment of $131,903.25. (Doc. No. 19, p. 1). To determine damages on Plaintiff's claim, the Court relies on the numerous exhibits filed by Plaintiff with their Verified Complaint. (Doc. No. 1). With respect to damages, the Court finds in favor of Plaintiff and against Defendant McLeanics for default on the loans, including interest, in the sum of $122, 269.25.

Plaintiff also requests attorney's fees under the terms of the Business Loan and Security Agreement. (Doc. No. 1-9). Although Plaintiff submitted an Affidavit from Attorney R. Andrew Hutchinson, (Doc. No. 19-2), attesting to the fees incurred, the affidavit provides insufficient evidence for the Court to determine the reasonableness of the fees. For example, the Court remains uninformed as to the time expended on this matter.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 19), is **GRANTED IN PART** as to the default judgment amount of $122,269.25.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 19), is **DENIED IN PART WITHOUT PREJUDICE** as to the attorney's fees requested.

**IT IS SO ORDERED.**

Signed: October 4, 2023

Frank D. Whitney
United States District Judge